STATE v. HINTON.

(Filed November 18, 1902.)

HIGHWAYS—*Roads—Residence.*

> A person is not liable to road duty. where he is temporarily employed, he having a place of domicile elsewhere.

INDICTMENT against Irvey Hinton, heard by Judge *O. H. Allen* and a jury, at January Term, 1902, of the Superior Court of WAKE County. From a verdict of guilty and judgment thereon, the defendant appealed.

*Robert D. Gilmer, Attorney-General,* for the State.
*Thos. M. Argo,* for the defendant.

DOUGLAS, J. The defendant was convicted of refusing to work the public roads in Wake Forest Township, he being a resident of the city of Raleigh.

But one point need be considered for the determination of this case, as it strikes at the root.

On the trial the Court below was asked by the defendant to instruct the jury that, "If they believed the evidence as a whole, the defendant was entitled to a verdict of not guilty." This was refused by the Court, who, in lieu thereof, charged the jury that, "If they believed from the evidence, beyond a reasonable doubt, that the defendant left Raleigh with his wife and went to Mr. Haywood's, his wife taking all of her things with her from Mr. Adams', and the defendant having a sleeping-room at the Baptist University, where he slept as a servant, but lived with his wife, and during the vacation at the college they went to Mr. Haywood's under an agreement, she to cook for an indefinite period and he to work as a laborer for two months, unless called back sooner, and he was not so called back, and while he was so working he was summoned

to work the road, being one of the hands on Haywood's plantation, and had wilfully refused to work, they should find the defendant guilty."

In the charge, as well as the refusal to charge, there was error. It appears from the evidence that the defendant had permanent employment in the city of Raleigh, where he worked for at least ten months in the year, and where he paid taxes and voted. He worked at the Baptist University, where he also slept, but says that he lived with his wife at Mr. Adam's. Whether he meant that he took his meals at the latter place, or merely considered it his home, does not clearly appear, nor do we think it material, as both places are in Raleigh. During the vacation at the University, he was permitted to work elsewhere, and he made a contract to work on Mr. Haywood's farm for sixty days, unless sooner recalled to the University, to pay off an old debt. His wife also worked at the same place and for the same purpose, she receiving $3 per month with board for her services, and he $7.00. That they should both work during their vacation at such moderate wages to pay off an old and uncollectable debt, is to their credit. We say "uncollectable," because he appealed *in forma pauperis.*

The defendant did not acquire a residence in Wake Forest Township, where he had been only three weeks when summoned to work the road, nor is there any evidence tending to show that he had any such intention. On the contrary, all the evidence tends to prove that he was there purely for a temporary purpose, with the expressed intention of returning to Raleigh on or before the expiration of the 60 days.

But it is contended that he acquired a temporary residence at Haywood's, still retaining his domicile in Raleigh. Suppose he had worked around by the week or day, would he have been liable to work on every road near which he happened to be when the road hands were called out?

STATE *v.* HINTON.

Again, it is urged that his wife "moved her things to Mr. Haywood's." Whether she carried them on her head or in a two-horse wagon, does not appear. In any event, we are not prepared to say that the temporary location of a wife's personal belongings draws to them in law the residence of the husband.

We have decided this case upon the reason of the thing which does not seem to be in conflict with any authorities or precedents called to our attention. We do not think that the law intends to impose upon anyone the double burden of working the roads in different districts at the same time; and as the defendant had paid taxes for working the streets of Raleigh, admittedly the place of his domicile, we do not think he could be required to work the roads in any or every district where he happened to be temporarily employed.

New Trial.